FILED06 SEP '11 16:09USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| DIANNA L. BECKETT, | ) | Civil No. 3:09-cv-01052-JO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| COMMISSIONER, SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

Sharon D. Maynard
BENNETT, HARTMAN, MORRIS & KAPLAN, LLP
210 S.W. Morrison Street, Suite 500
Portland, OR 97204

  Attorneys for Plaintiff

Adrian L. Brown
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

Kathryn Ann Miller
Benjamin J. Groebner
SOCIAL SECURITY ADMINISTRATION
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104

    Attorneys for Defendant

JONES, Judge:

    Claimant Dianna Becket seeks judicial review of a final decision of the Commissioner of

Social Security denying her application for Supplemental Security Income benefits ("SSI"). This

court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g) and

1383(c)(3). Following a careful review of the record, I conclude that the case must be remanded

for an award of benefits.

## ADMINISTRATIVE HISTORY

    Claimant filed an application for SSI on May 17, 2005, alleging disability since

October 1, 2000, due to "[c]hronic hepatitis C, PTSD, asthma, [and] back problems." (Tr. 45,

53.) The application was denied initially and on reconsideration. The Administrative Law Judge

("ALJ") held a hearing on February 8, 2007. Claimant, represented by counsel, appeared and

testified, as did an impartial vocational expert ("VE"). (Tr. 563-86.) On July 27, 2007, the ALJ

issued a decision finding that claimant was not disabled. (Tr. 8.) The Appeals Council denied

review on July 7, 2009, thereby making the ALJ's decision final. (Tr. 4-6.) Claimant then filed

the present action requesting review of the administrative decision.

## STANDARD OF REVIEW

    This court must affirm the Commissioner's decision if it is based on proper legal

standards and the findings are supported by substantial evidence on the record as a whole.

2 - OPINION AND ORDER

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

## BACKGROUND

Claimant was fifty-six years old at the time of her hearing on February 8, 2007. (Tr. 45, 565-67.) She graduated from high school and can communicate in English. (Tr. 567.) From 2003 to 2005, claimant was a nanny (Tr. 568); from 1994 to 1999, claimant was an in-home healthcare giver (Tr. 568); and from 1992 to 1995, claimant worked as a greenhouse worker and mushroom buyer (Tr. 568-69; 583-84.) Because the parties are familiar with the record, I will explain in context only those facts necessary to explain my decision below.

## SUMMARY OF ALJ'S FINDINGS

The ALJ employed a five-step "sequential evaluation" process in evaluating claimant's disability, as required. See C.F.R. § 416.920(a). The ALJ first determined that claimant had not engaged in substantial gainful activity since May 17, 2005. (Tr. 13.)

Second, the ALJ found that claimant suffers from the severe impairments of obesity, degenerative disc disease, post-traumatic stress syndrome, and depression. The ALJ also determined that claimant's hepatitis C was not a severe impairment. (Tr. 13.)

Third, the ALJ found that claimant did not have an impairment or combination of impairments that meet or equal one of the listed impairments in 20 C.F.R. Part 404, subpt. P,

3 - OPINION AND ORDER

Appx. 1. (Tr. 13-14.) The ALJ then determined that claimant retained the residual functional capacity ("RFC") to:

> sit 6 hours/8 hour workday; stand 6 hours/8 hour workday; walk 6 hours/8 hour workday; lift/carry 20 pounds occasionally and 10 pounds frequently; and, occasionally balance. Furthermore, the claimant has fair ability to perform complex tasks.

(Tr. 14.) The ALJ also described claimant as having the following "degree of limitation in the broad areas of functioning set out in the disability regulations for evaluating mental disorders":

> no restriction of activities of daily living; mild difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence or pace; no episodes of decompensation; and, no "C" criteria.

(Tr. 17.)

Fourth, the ALJ found that claimant was capable of performing her past relevant work as a house worker, home attendant, and buyer. (Tr. 17.) Accordingly, the ALJ concluded that claimant was not disabled.

## DISCUSSION

Claimant argues that the ALJ erred as follows: (A) by improperly discrediting the opinion of claimant's treating neurologist, Dr. Goslin; (B) by improperly discrediting claimant's testimony; (C) by improperly ignoring the opinion of claimant's examining psychologist, Dr. Starbird, or, in the alternative, by failing to develop the record in regard to alleged discrepancies in Dr. Starbird's report; (D) improperly ignoring the opinion of claimant's treating physician, Dr. Baker; and (E) by submitting an incomplete hypothetical to the VE and then relying on the VE's testimony. Because I find that the ALJ committed error in handling the expert medical opinions,

4 - OPINION AND ORDER

I conclude that the Commissioner must be reversed and this case must be remanded for an immediate award of benefits.

The ALJ's entire discussion of why she accepted or rejected claimant's medical opinion evidence is as follows:

> As for the opinion evidence, the undersigned grants substantial weight to the state Agency assessment (Exhibit 2F) and the consultative examiner assessment (Exhibit 10F) and reduced weight to the consultative examiner (Exhibit 11F) and treating physician assessment (Exhibit 9F) based on nature and/or extent of examining physicians' relationship to the claimant; supportability with the medical signs and laboratory findings; consistency with the record; and, areas of specialization. Dr. Ogisu's evaluation only considered the claimant's hepatitis C (Exhibit 11F). Dr. Goslin's assessment is an ultimate conclusion of permanent disability and inability to work is reserved for the commissioner to determine (Exhibit 9F).

(Tr. 16-17.)

The Ninth Circuit repeatedly has explained that "conclusory reasons will not justify an ALJ's rejection of a medical opinion:"

> 'To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his own conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.'

Regennitter v. Com'r S.S.A., 166 F.3d 1294, 1299 (9th Cir. 1999)(quoting Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988)). An ALJ may reject the uncontroverted opinion of a treating or examining physician, but only if the ALJ provides clear and convincing reasons supported by substantial evidence in the record. If a treating or examining physician's opinion is controverted, the ALJ must still provide "specific and legitimate reasons" for rejecting it. See,

5 - OPINION AND ORDER

e.g., Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (treating physician); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (examining physician).

In this case, the ALJ gave only a conclusory and superficial rationale in addressing the opinions of both treating and examining doctors, which is not acceptable. Significantly, Dr. Goslin diagnosed claimant with chronic severe migraines, and opined that: "She would not be able to work on the days that she has migraines and I question her ability to cope in a competitive work setting. She would be absent from the work place multiple times per month." (Tr. 545.) The VE testified that in claimant's past relevant work as a house worker, home attendant, and buyer, absences of "[n]ot more than two days a month . . . at maximum" would be tolerated. (Tr. 585.)

The ALJ's sole reason for rejecting Dr. Goslin's opinion was that it was an "ultimate conclusion of permanent disability and inability to work" reserved to the Commissioner. (Tr. 17.) The Ninth Circuit has clarified, however, that physicians may render opinions on the "ultimate issue of disability - the claimant's ability to perform work." Reddick, 157 F.3d at 725. The "[ALJ] is not bound by uncontroverted opinions of the claimant's physicians on the ultimate issue of disability, but he cannot reject them without presenting clear and convincing reasons for doing so." Id.; see also Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001). In view of the ALJ's failure to give any other reason for rejecting Dr. Goslin's opinion, in this case I accept her opinion as true. Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004).[1]

---

[1]    The "credit as true" doctrine, first adopted by the Ninth Circuit in Varney v. Secretary of Health and Human Services, 859 F.2d 1396, 1398-99, 1401 (9th Cir. 1988), has been the subject of some disagreement in the Ninth Circuit as to whether it is mandatory or discretionary. See, e.g., Vasquez v. Astrue, 572 F.3d 586, 593-95 (9th Cir. 2009). But even

                                                                        (continued...)

The ALJ's mishandling of the opinion testimony undermines the ALJ's entire decision, including the RFC determination and the VE's testimony. Because I credit Dr. Goslin's opinion as true, remand for further proceedings would serve no purpose and would be an abuse of my discretion. See Benecke, 379 F.3d at 596. Consequently, I reverse and remand this case for an immediate award of benefits.

## CONCLUSION

The Commissioner's decision denying benefits is REVERSED and the case is REMANDED to the Commissioner for an immediate award of benefits. Any other pending motions are denied as moot.

DATED this 6th day of September, 2011.

ROBERT E. JONES
U.S. District Judge

---

[1](...continued)
under the line of cases holding that the "credit as true" rule is discretionary, Ninth Circuit precedent holds that where no further proceedings are necessary to make a disability determination, it is an abuse of discretion to remand for further proceedings. See Benecke v. Barnhart, 379 F.3d 587, 596 (9th Cir. 2004).

7 - OPINION AND ORDER